NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANTHONY E., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.E., *Appellees*.

No. 1 CA-JV 16-0251
FILED 1-31-2017

Appeal from the Superior Court in Maricopa County
No. JD527817
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Ashlee N. Hoffmann
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

¶1          Anthony E. ("Father") appeals the juvenile court's order terminating his parental rights. Father argues that, despite his incarceration, he maintained a normal parent-child relationship with the child and did not abandon him. Father also argues the court erred, as a matter of law, when it determined the Department of Child Safety ("DCS") met its burden of proof. Because we conclude the court's severance is supported by reasonable evidence, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Father and L. Brown ("Mother") are the biological parents of A.E. ("Child"), born in 2013.[1] In June 2014, DCS received a report that Mother was arrested for prostitution and providing escort services without a permit in Child's presence. Child was one year and four months old at the time and was placed in a crisis shelter immediately upon Mother's arrest. At the time of Mother's arrest, Father was incarcerated for second degree robbery in California and remained incarcerated from March 2014 until December 2015.

¶3          Father was released in December 2015 and placed on parole for three years. DCS filed a petition for dependency, alleging Child was dependent as to Father based on neglect and abandonment. The juvenile court found Child dependent as to Father in June 2015, and at the same time, over Father's objection, changed the case plan from family reunification to severance and adoption. Father was encouraged to participate in any and all services available to him while incarcerated, and to send Child gifts, cards, and letters in order to maintain and nourish a relationship with Child. Father was re-incarcerated in March 2016 for auto theft and released in May 2016.

---

[1]     The juvenile court also severed Mother's parental rights; Mother is not a party to this appeal.

**¶4** DCS moved to sever Father's rights under Arizona Revised Statutes ("A.R.S.") sections 8-533(B)(1) and -531(1). A contested severance hearing took place in June 2016. The juvenile court heard testimony from DCS case manager McBride and Father. Following closing arguments, the juvenile court granted the motion to sever, finding DCS had proven by clear and convincing evidence that Father abandoned Child. The court also found termination was in the child's best interests. The court filed a formal order and Father timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution; A.R.S. § 8-235(A); and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

**¶5** To justify termination of Father's parental rights, the juvenile court was required to find at least one statutory ground supported by clear and convincing evidence. *Linda V. v. ADES*, 211 Ariz. 76, 78, ¶ 6 (App. 2005). As the trier of fact, the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of the witnesses, and resolve disputed facts." *ADES v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). Accordingly, we view the facts in the light most favorable to affirming the juvenile court's order "unless no reasonable evidence supports those findings." *Jennifer B. v. ADES*, 189 Ariz. 553, 555 (App. 1997).

**¶6** Abandonment "is measured not by a parent's subjective intent, but by the parent's conduct." *Michael J. v. ADES*, 196 Ariz. 246, 249, ¶ 18 (2000). A severance based upon abandonment requires proof that the parent failed to provide reasonable support, maintain regular contact, and maintain a normal parental relationship with the child. *Id.* at 249-50, ¶ 18. It is the parent's primary responsibility to act persistently in establishing the relationship, however possible, and they must vigorously assert their legal rights to the extent necessary. *Pima Cty. Juv. Severance Action No. S-114487*, 179 Ariz. 86, 97 (1994).

**¶7** DCS was required to prove that Father abandoned Child by failing to provide reasonable support, maintain regular contact, or maintain a normal parental relationship with Child for a period of six months. A.R.S. § 8-531(1).[2] Such a showing would constitute a prima facie case of abandonment. *Id.*

---

[2] Absent material revision, we cite to the statute's current version (2016).

¶8          Father argues no substantial evidence to support termination exists.[3] Specifically, Father argues he "did everything possible to maintain a normal parental relationship with . . . [C]hild." The record fails to support Father's assertion. During Father's incarceration, the DCS caseworker sent monthly service letters encouraging Father to reach out to Child by way of gifts, cards, or letters. The service letters included all information necessary to contact the case manager. The service letters advised Father to engage in any services available to him and, upon completion, forward certificates of completion to the case manager. Father did not provide any proof of completion.  Father was advised to send cards and letters for Child to the case manager, who would forward the correspondence to Child. Father did not do so.

¶9          Father testified he sent letters to Child on a few holidays, though not directly through the case manager. Father claimed the correspondence was delivered to Child's relative placement. Upon Father's release from prison, Father visited with Child twice. However, Father was subsequently re-incarcerated in March 2016. During the three months of re-incarceration, Father testified he wrote to Child 30 times and provided financial support in the amount of $200-$300, but that it was difficult for him due to his participation in a fire-fighting program during his incarceration. Father testified he could not write to Child because "he would be out fighting fires for 30-90 days at a time." Father did not corroborate his claims or inform DCS of his assertions prior to the hearing.

¶10          The trial court found that Father "abandoned Child and failed to maintain a normal parental relationship with him without just cause for a period in excess of six months." Because the record supports this finding based on a preponderance of the evidence, we hold that the juvenile court did not err. While Father made efforts to write to Child, and visited Child twice during his three-months-long release from prison, these efforts are minimal at best. Father failed to demonstrate his ability to parent Child or provide documentation for his participation in any services while incarcerated. Furthermore, the fire-fighting claim remains unsubstantiated.

¶11          Father's own testimony belies his argument that he has not abandoned Child. Father "acknowledged fault for not being there" for his son. The DCS caseworker testified Father had minimal communication and "did not take advantage of every opportunity to have a relationship with [Child] after release." Father did not request any services or visitation

---

[3]      Father does not challenge the juvenile court's best interests finding, therefore we do not address it.

during his brief period of release. "Where a parent makes only a minimal effort to support and communicate with the child, the court may find that the parent has abandoned the child." *Kenneth B. v. Tina B.*, 226 Ariz. 33, 37, ¶ 18 (App. 2010). Incarceration does not excuse abandonment. *See Michael J.*, 196 Ariz. at 250, ¶ 22. The record supports the juvenile court's conclusion that Father abandoned Child.

## CONCLUSION

¶12        This court affirms the juvenile court's order terminating Father's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:  AA